**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Toby Cooper,

Plaintiff

v.

District of Columbia Charitable Games Board et al.,

Defendants.

Civ. No. 07-1229 (EGS)

**ORDER**

Plaintiff moves for the appointment of counsel to represent her in this Title VII action. Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). If a plaintiff is proceeding *in forma pauperis*, the Court is authorized to appoint counsel under 28 U.S.C. §1915(e)(1), but is not obliged to do so unless the plaintiff demonstrates the existence of such exceptional circumstances that the denial of counsel would result in fundamental unfairness. *See Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). Plaintiff has not filed an application with this Court to proceed *in forma pauperis*.

In a Title VII action such as this, the Court may appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. §2000e-

5(f)(1). In considering such an application, the Court should consider "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." *Ficken v. Alvarez*, 146 F.3d 978, 979, 980-81 (D.C. Cir. 1998) (quoting *Poindexter v. Fed. Bureau of Investigation*, 737 F.2d 1173, 1185 (D.C. Cir. 1984)).

Plaintiff's motion requests appointment of counsel because she cannot afford to retain counsel. By itself, a plaintiff's inability to afford counsel is insufficient to warrant appointment of counsel. The nature and extent of plaintiff's efforts to obtain counsel are not described in the motion. At this stage of the litigation the Court is unable to make an independent determination as to the complexity and merits of the action, and whether plaintiff would be capable of representing herself in this matter. The Court has considered the degree to which the interests of justice will be served by appointment of counsel, *see* Local Civil Rule 83.11(b)(3), and the very limited *pro bono* resources available to the Court. At this time, the Court concludes that appointment of counsel is not warranted.

Accordingly, it is hereby

**ORDERED** that plaintiff's motion for appointment of counsel [Dkt. #2] is **DENIED WITHOUT PREJUDICE.** In further effort to obtain legal representation, Plaintiff should consider contacting

the District of Columbia Bar Association, the Bar Association of the District of Columbia, as well as area law school clinical programs.

**SO ORDERED.**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**January 3, 2008**

Notice sent via U.S. Mail and facsimile to:

Toby Cooper
43333 Crystal Lake Street
Leesburg, VA 20176
Fax Number (703)443-9048