IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Toby Cooper, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:07-cv-01229 (EGS) |
| ) | |
| District of Columbia Lottery and Charitable ) | |
| Games Control Board, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' REPORT PURSUANT TO LCvR 16.3**

Defendants District of Columbia Lottery and Charitable Games Control Board ("DCLB"), Government of the District of Columbia, and the Office of the Chief Financial Officer ("OCFO") (collectively "Defendants"), through counsel, hereby submit their report pursuant to LCvR 16.3.

As set forth in the letter attached as Exhibit A, Defendants' counsel has attempted on multiple occasions to schedule a meeting pursuant to LCvR 16.3 with Plaintiff pro se Toby Cooper ("Plaintiff"), but Plaintiff has failed to agree to this meeting. Specifically, undersigned counsel telephoned Plaintiff on December 12, 2007 and January 4, 2008 and asked her when she was available for this meeting. Plaintiff failed to provide dates and stated that she would contact counsel for Defendants.

Having not heard from Plaintiff, undersigned counsel sent Plaintiff the attached letter on January 11, 2008. In this letter, undersigned counsel suggested that the parties meet on January 22, 2008 at 2:00 p.m. at undersigned counsel's office and provided alternative dates if Plaintiff was unavailable on January 22. Undersigned counsel stated that Plaintiff should contact her by January 15 at 12:00 p.m. if she was not available at

the proposed time. Undersigned counsel further stated that, if she did not hear from Plaintiff by January 15, she would assume that Plaintiff was available on January 22 and would expect to see her then. Plaintiff failed to contact Defendants' counsel and failed to attend the January 22, 2008 meeting. Accordingly, Defendants submit their own report pursuant to LCvR 16.3 rather than a joint report.

**Statement of the case:** Plaintiff has brought this lawsuit against Defendants, alleging that she was sexually harassed, retaliated against and subjected to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the District of Columbia Human Rights Act, DC Code 2-1401.

On December 10, 2007, Defendants filed an Answer denying all allegations of wrongdoing in this matter. Defendants also raised a number of affirmative defenses. Specifically, Defendants maintain that Plaintiff 1.) failed to comply with the administrative exhaustion requirements of Title VII; 2.) failed to state a claim upon which relief can be granted; and 3.) was terminated for legitimate, non-discriminatory reasons. In their answer, Defendants also raised the affirmative defenses that the court lacks subject matter jurisdiction to hear Plaintiff's claim, that Plaintiff's claims are barred by the applicable statute of limitations and that Defendants DCLB and OCFO are non sui juris. In addition, Defendants maintain that they have a policy prohibiting sexual harassment and discrimination in the workplace. Pursuant to this policy, Defendants investigated Plaintiff's claim of sexual harassment, hostile work environment and retaliation and found her claims to be without merit.

1.) Defendants believe this matter will be disposed of by dispositive motion. No dispositive motions are currently pending before the court.

2.) Defendants do not intend to join any additional parties in this matter.

3.) Defendants oppose assigning this case to a magistrate judge for any purposes other than resolution of discovery disputes and mediation.

4.) Defendants believe there may be a realistic possibility of settlement.

5.) Defendants believe this matter could benefit from the Court's alternative dispute resolution ("ADR") program and believe the matter should be referred to ADR mediation at an appropriate time. The parties have not yet engaged in settlement talks.

6.) Defendants propose discovery deadlines as set forth in the proposed Scheduling Order, attached as Exhibit B.

Dated:  January 29, 2008                Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


  /s/ Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, Section 1
DC Bar No. 435163

  /s/ Jack M. Simmons, III
JACK M. SIMMONS, III
Assistant Attorney General
DC Bar No. 925420
441 Fourth St., NW, Sixth Floor South
Washington, DC  20001-2714
(202) 724-6653
(202) 727-0431   (fax)
jack.simmons@dc.gov
Attorneys for Defendant

And

/s/ M. Ginger McCauley
Mary E. Pivec (#4457601)
M. Ginger McCauley (#478528)
Keller and Heckman LLP
1001 G Street, N.W.
Suite 500 West
Washington, DC  20001
202-434-4212
202-434-4646 Fax
pivec@khlaw.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 29, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served by First Class mail upon:

Toby Cooper
43333 Crystal Lake Street
Leesburg, VA  20176

/s/ M. Ginger McCauley
M. Ginger McCauley

4

# EXHIBIT A

**KELLER AND HECKMAN LLP**
*Serving Business through Law and Science®*

1001 G Street, N.W.
Suite 500 West
Washington, D.C. 20001
*tel.* 202.434.4100
*fax* 202.434.4646

Writer's Direct Access

January 11, 2008

M. Ginger McCauley
(202) 434-4109
mccauley@khlaw.com

**VIA FEDERAL EXPRESS**

Ms. Toby Cooper
43333 Crystal Lake Street
Leesburg, VA 20175

Dear Ms. Cooper:

    Enclosed is a copy of the Court's Order for a meet and confer report. As set forth in the Order, the parties are required to meet by January 22, 2008 to prepare a report pursuant to LCvR 16.3 and are required to submit this report to the court by January 29, 2008. LCvR 16.3 and the Court's Order set forth the matters that the parties must discuss at this meeting.

    I have now contacted you twice by telephone in an attempt to schedule this meeting and you have failed to agree to meet with us. When I spoke with you on December 12, 2007, you stated that you would wait to receive a copy of the Order from the Court before scheduling this meeting. I requested that you contact me as soon as you received this Order. Having not heard from you, I contacted you again on Friday, January 4, 2008 and again requested that you provide dates when you are available for this meeting. You stated that you would get in touch with me and hung up on me. I have not heard from you and we are now approaching the court imposed deadline for this meeting.

    We are available to meet with you at our office on January 22, 2008 at 2:00 p.m. If you are unable to meet with us at that time, please contact me by 12:00 p.m. on January 15 to decide on an alternative time. In addition to January 22, we are also available at the following times: anytime January 15 or 22 and January 16 in the afternoon. If we do not hear from you by noon on January 15, we will assume that you are available to meet with us on January 22 at 2:00 p.m. and will expect to see you at our office at that time.

    I look forward to hearing from you.

Sincerely,

M. Ginger McCauley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOBY COOPER
    Plaintiff,

vs.                              Civil Action No. 07-1229(EGS)
DISTRSSICT OF COLUMBIA
LOTTERY AND CHARITABLE
GAMES CONTROL BOARD, et al

## ORDER FOR MEET AND CONFER REPORT

The above captioned case has been assigned to Judge Emmet G. Sullivan for resolution.

Pursuant to LCvR 16.3 of the Local Rules, as amended effective December 1, 2000, and Fed. R. Civ. P. 26(f), as amended effective December 1, 2000, counsel shall confer by no later than **JANUARY 22, 2008** and submit their Report addressing all topics listed in LCvR16.3(c) by no later than **JANUARY 29, 2008.** Counsel are directed to include in their Report a brief statement of the case and the statutory basis for all causes of action and defenses.

Counsel are required to comply with LCvR 16.3 and, in particular, LCvR.3(c), as amended December 1, 2000, and attached hereto as Appendix I. In considering what form of alternative dispute resolution the parties think the case most suited to, counsel are reminded that among their options are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of their case.

Extensions or enlargements of time will only be granted upon motion, and not upon stipulation by the parties. Motions for a continuance or other scheduling change must be filed three business days prior to the hearing and must include alternative dates that have been agreed to by all parties. Requests that do not include an alternative date acceptable to all parties will be denied.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter. Inquires concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Carol Votteler (202/354-3152), or if she is unavailable to the staff person in the Clerk's Office designated as her substitute, and not to chambers. Chambers personnel will not handle questions relating to the status or scheduling of pending matters.

In an emergency, however, chambers can be reached at 202/354-3260.

Date December 11, 2007                EMMET G. SULLIVAN
                                      UNITED STATES DISTRICT JUDGE

APPENDIX I


RULE 16.3
DUTY TO CONFER


(c)  **MATTERS TO BE DISCUSSED BY THE PARTIES.**

At the conference required by this Rule, the parties shall discuss the following matters:

* * *

(5)  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other for of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

   (i)   the client's goals in bringing or defending the litigation;

   (ii)  where settlement talks have already occurred and, if so, why they did not produce an agreement;

   (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

       (aa) whether ADR should take place after the informal exchange or production through discovery or specific items of information; and

       (bb) whether ADR should take place before or after the judicial resolution of key legal issues;

(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, and assessment of damages and/or the potential settlement value of the case; and

(V) whether cost savings or any other practical advantage would flow from a stay of discovery or of other pre-trial proceedings while ADR process is pending.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Toby Cooper,<br><br>      Plaintiff,<br><br>v.<br><br>District of Columbia Lottery and Charitable Games Control Board, *et al.*<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.: 1:07-cv-01229 (EGS)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROPOSED SCHEDULING ORDER

The Court, having considered Defendants' Report pursuant to LCvR 16.3, hereby enters the following Scheduling Order in this matter:

1. The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before March 11, 2008.

2. Plaintiff shall identify all expert witnesses and serve her Rule 26 (a)(2)(B) expert reports by May 30, 2008.

3. Defendants shall identify all expert witnesses and serve their Rule 26 (a)(2)(B) expert reports by June 30, 2008.

4. Fact and expert discovery shall be completed by August 31, 2008. Each side shall take no more than five (5) depositions without leave of court. There is no limit on requests for admissions, requests for production or interrogatories.

5. The parties will be referred to ADR at an appropriate time.

6. Any dispositive motions must be filed within 30 days after the close of discovery.

7. A date for the trial of this matter will be scheduled at the pretrial conference.

And It Is so Ordered, this _____ day of _____, 2008.

                                                                _____
                                                                Emmet G. Sullivan
                                                                United States District Judge

Notice to:

Ms. Toby Cooper
43333 Crystal Lake Street
Leesburg, VA  20175
Plaintiff Pro Se

Kimberly Matthews Johnson
Jack M. Simmons, III
441 Fourth St., NW, Sixth Floor South
Washington, DC  20001-2714
Attorneys for Defendant

     And

Mary E. Pivec
M. Ginger McCauley
Keller and Heckman LLP
1001 G Street, NW, Suite 500 W
Washington, DC  20001
Attorneys for Defendants